UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TONYA AHMED,

    Plaintiff,                                 Hon. Robert J. Jonker

v.                                                   Case No. 1:25-cv-152

STATE OF MICHIGAN, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Tonya Ahmed initiated this action against the State of Michigan, the Michigan Department of Corrections, Warden Noah Nagy, Parnall Correctional Facility, and Michigan Municipal Risk Management Authority. (ECF No. 1). Ahmed asks for the immediate release of her personal property—Brad Lee Johnson. In 2024, Mr. Johnson was convicted of second-degree criminal sexual conduct and is currently incarcerated at Parnall Correctional Facility.[1]

Ahmed filed a nearly identical action in 2023. *See Ahmed v. Michigan*, 1:23-cv-995 (W.D. Mich.).[2] In that case, Ahmed alleged that the defendants held her personal property (Mr. Johnson) and requested his immediate release. (R.1). At that time, Mr. Johnson was awaiting trial on criminal sexual conduct charges. In an October 10, 2023 Opinion, the Court construed Ahmed's filing as a petition under 28

---

[1] *See* https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=850935 (last visited April 11, 2025).
[2] Citations to the docket entries in the 2023 case are denoted by "R."

U.S.C. § 2241 being brought on behalf of Mr. Johnson. (R.7). The Court then determined that Ahmed lacked standing:

> Petitioner Tonya Ahmed claims an interest in this proceeding as a "Real party in interest," and as an "Authorized Representative." (Pet., ECF No. 1, PageID.1.) Petitioner Ahmed claims she is a real party in interest on the ground that Petitioner Johnson is her "private property." (Id., PageID.2) ("The County of St Joseph Michigan has and holds my private property, to wit: BRAD LEE JOHNSON/Brad Lee Johnson.") Thus, Petitioner Ahmed's request for Johnson's release "is a claim and demand for release of [her] personal property . . . ." (*Id.*)
>
> That leaves Petitioner Ahmed's claim that she is an "Authorized Representative." Under Rule 2(c)(5) of the Rules Governing § 2254 Cases, the petition must be signed by the petitioner or by a person authorized to sign the petition under 28 U.S.C. § 2242. Section 2242 further provides that a habeas petition must be signed by "the person for whose relief it is intended or by someone acting on his behalf." A "next friend" does not herself become a party to the habeas corpus action in which he participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest. *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1989). Next friend status, therefore, is an exception to section 1654 of Title 28 which states: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct cases therein." 28 U.S.C. § 1964.
>
> To act on a prisoner's behalf, a putative next friend must demonstrate that the prisoner is unable to prosecute the case on his own behalf due to "inaccessibility, mental incompetence, or other disability" and that the next friend is "truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *Whitmore*, 495 U.S. at 163–64; *see also West v. Bell*, 242 F.3d 338, 341 (6th Cir. 2001); *Franklin v. Francis*, 144 F.3d 429, 432 (6th Cir. 1998). The burden is on the next friend "clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Whitmore*, 495 U.S. at 164.
>
> Standing to proceed as next friend on behalf of a prisoner "is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Whitmore*, 495 U.S. at 163. "A next friend may not file a petition for a writ of habeas corpus on behalf of a detainee if the detainee himself could file the petition." *Wilson v. Lane*, 870 F.2d 1250,

1253 (7th Cir. 1989) (citing *Weber v. Garza*, 570 F.2d 511, 513 (5th Cir. 1978)). The putative next friend must clearly and specifically set forth facts sufficient to satisfy the Article III standing requirements because "[a] federal court is powerless to create its own jurisdiction by embellishing otherwise deficient allegations of standing." *Whitmore*, 495 U.S. at 155–56. Most significantly, "when the application for habeas corpus filed by a would be 'next friend' does not set forth an adequate reason or explanation of the necessity for resort to the 'next friend' device, the court is without jurisdiction to consider the petition." *Weber*, 570 F.2d at 514 (cited with approval in *Whitmore*, 495 U.S. at 163).

The Court concludes that the petition, at least to the extent that Petitioner Ahmed purports to raise claims on Petitioner Johnson's behalf, does not satisfy these requirements in any respect. Accordingly, Petitioner Ahmed is properly dismissed from these proceedings.

(R.7 at PageID.21-23).

The same reasoning from the Court's October 10, 2023, Opinion should apply to this case. Ahmed again asks for the release of her personal property—Mr. Johnson. Even though Ahmed's request for relief is properly raised only in a habeas corpus proceeding, she does not reference the habeas corpus statute. However, none of the statutes cited by Ahmed in the exhibit to her complaint permit the Court to exercise jurisdiction over Ahmed's request for relief.

The Court construes Ahmed's complaint as, primarily, a claim that Mr. Johnson is unconstitutionally imprisoned and should be released. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243.1. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141

3

(6th Cir. 1970) (discussing that a district court has the duty to "screen out" petitions that lack merit on their face).

For the same reasons previously stated by the Court, the undersigned recommends that the Court find that Ahmed still does not have standing to bring this action on Mr. Johnson's behalf. Because Ahmed lacks standing to pursue this action, the Court is without jurisdiction to consider it.

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Ahmed has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

The Court has concluded that Ahmed lacks standing to pursue this action, and, as a result, the Court lacks jurisdiction to consider it. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.*

The Court finds that reasonable jurists could not find it debatable whether Ahmed's application should be dismissed for lack of jurisdiction. Therefore, a certificate of appealability will be denied. Moreover, the Court concludes that any issue Ahmed might raise on appeal would be frivolous. *Coppedge v. United States,* 369 U.S. 438, 445 (1962).

Accordingly, for the reasons discussed herein, the undersigned recommends that the Court dismiss Ahmed's petition without prejudice because Ahmed lacks standing to pursue this action and the Court is without jurisdiction to consider it.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: April 21, 2025

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge